ESTATE OF JOHN W. MORTIMER, ALICE H. GOTWALD, SURVIVING EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30029. Promulgated October 2, 1951.

*Herman G. Greenberg, Esq.*, for the petitioner.
*Wm. H. Best, Jr., Esq.*, for the respondent.

## OPINION.

RICE, *Judge:* Petitioner seeks to turn the issue upon that portion of section 811 (c), I. R. C., which deals with transfers of property, by trust or otherwise, where the decedent has *retained* (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom. Petitioner contends that the deeds in fee simple contained no such reservations in decedent's favor but operated absolutely to divest him of all of the incidents of ownership.

The basic question goes much deeper than petitioner's arguments, which are bottomed upon an assumed transfer of the properties in fee in 1938. We think the facts establish that decedent never completed the inter vivos gifts. If the gifts were not completed, decedent remained the owner of the properties until his death, and the value thereof is includible in his gross estate under section 811 (a), I. R. C.

In *Edson* v. *Lucas* (C. A. 8, 1930), 40 F. 2d 398, the requirements necessary to constitute a valid gift inter vivos were listed as follows: (1) a donor competent to make the gift; (2) a clear and unmistakable intention on his part to make it; (3) a donee capable of taking the gift; (4) a conveyance, assignment, or transfer sufficient to vest the legal title in the donee, without power of revocation at the will of the donor; and (5) a relinquishment of dominion and control of the subject matter of the gift by delivery to the donee. See also, *Visintainer* v. *Commissioner* (C. A. 10, 1951), 187 F. 2d 519, 522–523; *Linwood A. Gagne*, 16 T. C. 498 (1951).

In *Henry F. Jaeger, Executor*, 33 B. T. A. 989, affd. 88 F. 2d 1011 (1936), we considered whether decedent had made a completed gift inter vivos. After holding that decedent had no present intention

of making completed gifts effective at the time of delivery of the stock certificates to his son, we pointed out that it was not shown that there was any acceptance of the gifts by the donees, actual or constructive, at least until after decedent's death, that the daughters were not informed of the transfers, and that there was no showing of complete relinquishment by decedent of dominion and control of the property. On the contrary the decedent received and appropriated to his own use all dividends from the stock until his death, and exercised control over the voting of the stock by proxies given to his son. We held that the property was properly included in the decedent's gross estate.

The decedent in this case had no clear and unmistakable intention to make completed gifts to his grandchildren in 1938. He did not relinquish dominion and control over the subject matter of the gifts to the donees at any time prior to his death. All that he did was to execute fee simple deeds in their favor and have the deeds recorded in their names. But there was no conveyance, assignment, or transfer of the real properties *sufficient to vest legal title* in the donees, for it is a fundamental principle of law that a deed to be operative must be delivered; it is delivery that gives the deed force and effect. 16 American Jurisprudence 499, section 111, and cases there cited. Furthermore, before there can be a completed delivery of a deed, which will become operative as a conveyance of title, the donee or grantee must accept. Id. p. 523, sec. 153. Here, the donees could not accept the gifts for they had no knowledge of the execution of the deeds, the recordation of the deeds, or that decedent had any intention of giving them the properties.

Finally, petitioner has no basis in law for contending that decedent's deposit for recording of the deeds constituted delivery, for there can be no effectual delivery to the donees where the grantor expressly instructs the recorder to redeliver the deeds to him; and it is a fair assumption here that decedent in effect gave such instructions, for otherwise the donees would have acquired knowledge of the alleged gifts. Id. p. 513, sec. 135.

In addition to the foregoing principles of law, it is undisputed that decedent exercised rights with respect to the nine parcels of realty which normally are associated with full and complete ownership. His attorney testified that he continued to collect the income from the properties, used the income for his own purposes, and reported it on his income tax returns as his income. He made repairs to the properties and took deductions therefor on his tax returns. He claimed depreciation on his other real estate properties, and presumably took depreciation on the properties in question. His treatment of the properties is completely inconsistent with the claimed and usual divestiture of all right, title and interest that accompanies a fee simple

conveyance. On the facts and on the law there can be but one conclusion—decedent did not, nor did he intend to, transfer the properties to his grandchildren by way of gifts. The fee simple deeds retained by decedent effected no divestiture of decedent's rights of ownership in the properties and the value thereof was properly included in the decedent's gross estate.

In this view of the question presented, it is unnecessary to discuss petitioner's interpretation of section 811 (c) of the Internal Revenue Code, as amended.

*Decision will be entered for the respondent.*